**Opinion issued July 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00928-CV

_____

**BOBBY JOE HARPER, Appellant**

**V.**

**DAVID P. WALKER, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 23-CV-1112**

---

## MEMORANDUM OPINION

Bobby Joe Harper appeals from the trial court's order denying his challenge to the validity of a judgment lien. Because his notice of appeal was untimely, we dismiss this appeal for lack of subject-matter jurisdiction.

**Harper's Notice of Appeal Was Untimely**

Ordinarily, a notice of appeal must be filed within 30 days after the judgment is signed. TEX. R. APP. P. 26.1. If a party timely files a motion for reconsideration, then the notice of appeal is due within 90 days after the judgment is signed. TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b(a), (g) (motions for new trial or to modify judgment are due within 30 days of when judgment is signed); *Adams v. Ross*, No. 01-15-00315-CV, 2016 WL 4128335, at *2 (Tex. App.—Houston [1st Dist.] Aug. 2, 2016, no pet.) (motion for reconsideration that seeks modification or reversal of judgment qualifies as motion for new trial or to modify judgment and therefore extends deadline for filing notice of appeal).

These deadlines for filing the notice of appeal are jurisdictional. *See* TEX. R. APP. P. 25.1. Absent a timely notice of appeal, we lack jurisdiction and must dismiss. *Deutsche Bank Nat'l Tr. Co. v. Gonzalez*, No. 01-24-00292-CV, 2024 WL 4045489, at *5 (Tex. App.—Houston [1st Dist.] Sept. 5, 2024, no pet.).

Here, Harper timely moved for reconsideration of the trial court's September 1, 2023 order but did not file his notice of appeal until 103 days after the order was signed. Therefore, Harper's notice of appeal was 13 days late.

**Harper Has Not Explained His Failure to Timely Appeal**

Because Harper filed his untimely notice of appeal within 15 days of the applicable deadline, this court treats his untimely notice as an implied motion for an

extension of time to file his notice of appeal. *Gantt v. Harris Cnty.*, 674 S.W.3d 553, 558 (Tex. App.—Houston [1st Dist.] 2023, no pet.). But, as precedent instructs, "[w]e may grant the implied motion for extension if the appellant provides a reasonable explanation for the untimeliness of the filing, that is, a 'plausible good faith justification for filing their notice of appeal when they did.'" *Id.* (citation omitted); *Hernandez v. Lopez*, 288 S.W.3d 180, 184 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (reasonable explanation generally means any plausible statement of circumstances indicating inadvertence rather than deliberate indifference to deadline); *see also Gantt*, 674 S.W.3d at 558 (stating that explanations that do not amount to deliberate or intentional disregard generally qualify as reasonable for purpose of an implied motion for an extension).

On June 5, 2025, we ordered Harper to file a written explanation for his failure to file his notice of appeal by the applicable deadline. The deadline for Harper's written explanation has come and gone, but he has not filed an explanation. Therefore, we have no choice but to dismiss his suit. *See* Tex. R. App. P. 42.3(a); *see, e.g.*, *In re J.K.L.*, No. 01-11-00780-CV, 2012 WL 2923167, at *1 (Tex. App.—Houston [1st Dist.] July 12, 2012, no pet.) (concluding court "can take no action other than to dismiss the appeal" when appellant does not explain untimeliness of appeal notice); *see also Matthews v. Kern*, No. 01-09-00552-CV, 2010 WL 2991433,

3

at *1 (Tex. App.—Houston [1st Dist.] July 29, 2010, no pet.) (dismissing after appellant failed to provide explanation as to why his notice of appeal was untimely).

## CONCLUSION

We dismiss this appeal for lack of subject-matter jurisdiction.

Jennifer Caughey
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.